# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KELLY C. PAYNE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>**Acting Commissioner of the Social** )<br>**Security Administration,** )<br>)<br>Defendant. ) | Case No. CIV-15-211-SPS |

## OPINION AND ORDER AWARDING
## ATTORNEY'S FEES TO THE PLAINTIFF UNDER THE EAJA

Plaintiff Kelly C. Payne was the prevailing party in this action under the Social Security Act. Plaintiff originally sought an award of attorney's fees in the amount of $5,681.00, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). *See* Docket No. 23. The Commissioner subsequently filed a Stipulation of Award of Attorney Fees Under the Equal Access to Justice Act [Docket No. 25], indicating that the parties have stipulated to an attorney's fee in the amount of $5,400.00.

Upon review of the record herein, the Court finds that said amount is reasonable and that the Commissioner should be ordered to pay it to the Plaintiff as the prevailing party herein. *See* 28 U.S.C. § 2412(d)(1)(A) ("Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort)[.]"); *see also Manning v.*

*Astrue*, 510 F.3d 1246, 1251 (10th Cir. 2007) ("The EAJA therefore permits attorney's fees reimbursement to financially eligible prevailing parties, who make a proper application, and not to their attorneys.").

Accordingly, IT IS ORDERED that the Plaintiff's Application for an Award of Attorneys' Fees Under the Equal Access to Justice Act [Docket No. 23] is hereby DENIED as moot, and the Commissioner's Stipulation of Award of Attorney Fees Under the Equal Access to Justice Act [Docket No. 25] is hereby GRANTED and that the Government is hereby ordered to pay the above-referenced amount to the Plaintiff as the prevailing party herein. IT IS FURTHER ORDERED that if the Plaintiff's attorney is subsequently awarded any fees pursuant to 42 U.S.C. § 406(b)(1), said attorney shall refund the smaller amount of such fees to the Plaintiff pursuant to *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

**DATED** this 27th day of July, 2016.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma